# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Smith-Rothchild Financial Company** | ) | |
| | ) | |
| | ) | Case No. 10 B 24427 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

### FIRST AND FINAL APPLICATION OF LAKELAW AS COUNSEL TO FORMER CHAPTER 7 TRUSTEE FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

David P. Leibowitz, Jonathan Brand, and The Law Offices of David P. Leibowitz d/b/a Lakelaw (collectively, "Lakelaw") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $39,987.50 in compensation for 155.75 hours of professional services rendered as counsel to David P. Leibowitz ("Former Trustee"), solely as the former chapter 7 trustee for the estate of Smith-Rothchild ("Debtor"), for the period beginning August 31, 2010, through and including June 21, 2011 ("Application Period"), and the reimbursement of $1,751.54 for actual costs incurred incident to those services. In support of this Application, Lakelaw states as follows:

### JURISDICTION & VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

## FACTUAL AND PROCEDURAL BACKGROUND

2. On May 5, 2010 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Former Trustee was appointed that day. No trustee was elected at the first meeting of creditors and thus the Former Trustee became the permanent trustee in the Debtor's chapter 7 case.

3. After his appointment, the Former Trustee applied to this Court for an order approving the retention of Lakelaw in connection with this Case.

4. On August 31, 2010, this Court approved the retention of Lakelaw to assist the Trustee in the administration of the estate's assets.

5. On June 15, 2011, the Former Trustee resigned as the chapter 7 trustee for the Debtor's estate. *See* Docket No. 108. Thereafter, Horace Fox was appointed the chapter 7 trustee for the Debtor's estate. *See id.*

## NATURE OF SERVICES PROVIDED BY LAKELAW

6. During the Application Period Lakelaw assisted the Former Trustee in many tasks, which include but are not limited to the following: (a) investigated and assessed the Debtor's assets; (b) negotiated the use of cash collateral with the Debtor's senior secured lender; (c) recovered an approximate $500,000 tax return ("Tax Return") from the U.S. Government and negotiated the U.S. Government's outstanding tax claim; and (d) facilitated the auction and sale of two large portfolios of distressed assets which resulted in the liquidation of the estate's assets, for an approximate $237,000 benefit for certain creditors.

7. During the Application period Lakelaw assisted the Former Trustee with the general administration, in addition to negotiating the use of cash collateral, preparing for and finalizing the auction/sale of the Debtor's assets, and the recovering the Tax Return. Lakelaw

2

was instrumental in supporting the Former Trustee's efforts to liquidate the estate's assets in a manner likely to maximize their value for the benefits of the Estate and its creditors.

8. The detailed time records attached to this fee application set forth in adequate summary the nature and extent of the services rendered by Lakelaw assisting the Former Trustee in carrying out his duties.

9. In addition, after the Application Period and the Former Trustee's resignation, Lakelaw continued to provide extensive assistance to Mr. Fox and his counsel. Lakelaw served, and continues to serve, Mr. Fox as a resource with historical knowledge of the Debtor's bankruptcy case and the players involved in the auction/sale process.

10. Lakelaw has taken every effort to assure that the services it performed for the Former Trustee were handled by qualified person at the lowest hourly rate possible, consistent with the skill-set required for a particular task.

### REQUESTED RELIEF

11. Lakelaw requests that this Honorable Court enter an order allowing Lakelaw the fees and expenses sought in this Application. Lakelaw recognizes that while this Application may be granted in total, such fees may not be paid in full given: (a) the $30,000 limitation on professional fees associated with this case; and (b) Lakelaw's agreement to share such fees *pro rata* with Bruce de'Medici, Mr. Fox's current chapter 7 counsel of record.

12. To this end, Lakelaw requests that $39,987.50 in fees for the work performed during the Application Period be granted in total. A detailed listing of Lakelaw's services during the Application Period are attached hereto and incorporated herein as a part of **Composite Exhibit A**, which provides a summary of Lakelaw's services, itemization of such

3

services, a list of the specific billing entries separated by billing code, and a list of Lakelaw's expenses.

13. In regards to Lakelaw's expenses, Lakelaw requests entry of an order authorizing and directing payment of $1,751.54 in expenses which Lakelaw incurred during the pendency of its employment for the Debtor's estate.

## **SUMMARY OF SERVICES RENDERED BY LAKELAW**

14. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | BLENDED HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| BRAND, J. | SENIOR ASSOCIATE | $375.00 | 24.70 | $9,265.00 |
| DEGER, L. | PARALEGAL | $125.00 | 0.90 | $112.50 |
| EGGUM, J. | ASSOCIATE | $300.00 | 53.60 | $14,267.50 |
| FRIEDMAN, D. | PARALEGAL | $150.00 | 5.70 | $825.00 |
| GARCIA, M. | SENIOR PARALEGAL | $175.00 | 12.50 | $1882.50 |
| LEIBOWITZ, D. | MEMBER/PRINCIPAL | $625.00 | 0.30 | $187.50 |
| OTERO, B. | ASSOCIATE | $325.00 | 32.00 | $10,400.00 |
| SHAYMAN, P. | LEGAL ASSISTANT | $150.00 | 12.90 | $2,135.00 |
| THOMAS, A. | PARALEGAL | $175.00 | 3.10 | $497.50 |
| ZUNIGA, C. | ASSOCIATE | $325.00 | 1.30 | $415.00 |
| **GRAND TOTAL:** | | | 155.75 | $39,987.50 |
| **BLENDED RATE:** | | | | $272.50 |

15. In compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into seven (7) different categories. The following is a general description of the task performed in each of Lakelaw's principal categories of activities:

- **Asset Analysis & Discovery:** (Fees: $360.00 / Hours: 1.3) Services pertaining assisting the Former Trustee in his review of assets in the Debtor's estate and the impact of other bankruptcy filings (by consumer debtors) on the Debtor's assets.

4

- **Asset Disposition:** (Fees: $15,592.50/ Hours: 50.40)  Services pertaining assisting the Former Trustee with the abandonment of certain assets of the estate and services pertaining to the auction, sale and disposition of the Debtor's loan portfolio and real estate owned (REO) properties.

- **Case Administration:** (Fees: $19,862.50/ Hours: 77.40)  Services pertaining to general case administration, including, among other things: (a) preparing for 341 meeting; (b) turnover of documents by Debtor's principal to the Trustee; (c) attending hearings; (d) communications with CIT; and (e) seeking the employment and retention of professionals to assist the Trustee

- **Claims Administration and Objections:** (Fees: $200.00/ Hours: 1.0)  Services pertaining recovery of tax refund from IRS, and providing for the set-off of the IRS's outstanding claim against the Debtor's estate.

- **Fee/Employment Applications:** (Fees: $1,240.00/ Hours: 5.6)  Services pertaining preparing fee applications for Lakelaw and the Trustee's other professionals.

- **Financing:** (Fees: $2,337.00/ Hours: 8.6)  Services pertaining to negotiating, securing and seeking court approval for the Former Trustee to use CIT's cash collateral.

- **Relief from Stay Proceedings:** (Fees: $395.00/ Hours: 1.8)  Services pertaining to defending and negotiating motions for relief from stay which were filed against property of the Debtor's estate.

16.    The hourly rates charged by Lakelaw in the course of its representation of the Trustee compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise.  The amount of time spent by Lakelaw with respect to representing the Former Trustee is reasonable given the issues presented, and the ultimate benefit to the estate.  Further, Lakelaw has voluntarily waived and not sought compensation for hours of time spent assisting Mr. Fox and his counsel for time spent assisting and providing historical knowledge of the events that took place prior to the Former Trustee's resignation.

17.    Lakelaw has always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Trustee.  In certain circumstances, however, it may have been necessary for more than one of Lakelaw's attorney to appear in Court at the same time.  When

5

possible, Lakelaw attempts to have one attorney handle multiple matters on the Court's calendar. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

18. Given the *Johnson* criteria codified in 11 U.S.C. § 330(a)(3), namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Lakelaw respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES INCURRED BY LAKELAW

19. The actual and necessary costs expended by Lakelaw during the Application Period are detailed in the attached appendices. A summary of all expenses in the Application Period is also attached hereto in **Composite Exhibit A**. The requested reimbursement amount for expenses incurred is $1,751.54. All of the expenses for which reimbursement is sought are expenses that Lakelaw customarily recoups from all of its clients.

20. All expenses incurred by Lakelaw were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Lakelaw bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

21. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Copying | $700.80 |
| Federal Express | $60.67 |
| Filing Fee | $101.00 |
| Messenger Service | $374.00 |
| Postage (U.S. Mail) | $515.07 |
| **TOTAL:** | **$ 1,751.54** |

## COMPLIANCE WITH 11 U.S.C. § 504

22. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lakelaw and any other firm, person or entity for the sharing of division of any compensation paid or payable to Lakelaw. However, the award of such compensation shall be paid out of the Carveout and Budget, as those terms, as amended, are defined in the Final Order Authorizing Chapter 7 Trustee: (A) To Use Cash Collateral; (B) To Incur Postpetition Debt; and (C) To Grant Adequate Protection and Provide Security to The CIT Group/Business Credit, Inc. as Agent entered in this case on September 27, 2010 (Docket No. 30), and amended by Order dated February 24, 2011 (Docket No. 71). Additionally, such amounts shall be split, pro rata, with the efforts of Bruce de'Medici approved by this Court.

**WHEREFORE**, Lakelaw, respectfully requests the entry of an order, which:

A) Allows Lakelaw to be compensated in the amount of $39,987.50 for professional services rendered on behalf of the Trustee;

B) Allows reimbursement of expenses incurred in the amount of $1,751.54;

7

C) Authorizes the current Trustee, Mr. Horace Fox, to pay the allowed compensation and expense reimbursement to Lakelaw;

D) Finds that due and adequate notice has been given, and

E) Grants such other and further relief as may be equitable in the circumstances.

Dated: February 1, 2012.                         Respectfully submitted,

**LAW OFFICES OF DAVID P. LEIBOWITZ, LLC D/B/A LAKELAW, JONATHAN T. BRAND AND DAVID P. LEIBOWITZ**

By: */s/ Jonathan T. Brand*
      One of the Former Trustee's Attorneys

Jonathan T. Brand (ARDC # 6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100